On June 21, 1999, K.B. ("the stepdaughter"), acting by and through her mother, A.B., sued M.L.E. ("the stepfather"), alleging that he had sexually abused her on several instances and that he had once raped her, and that in doing so he had committed the tort of outrage, had falsely imprisoned her, and had committed assault and battery. The stepdaughter sought $1 million in compensatory damages for physical injury and for emotional distress.
On October 26, 1999, the trial court entered a $500,000 default judgment against the stepfather. In its order, the trial court found: (1) that the stepfather had been properly served with notice; (2) that the stepfather had not answered the complaint and had not complied with discovery requests; (3) that the court had scheduled a hearing on the stepdaughter's motion for a default judgment; (4) that the stepfather had moved to set aside the entry of default and to allow an answer, but that his motion did not set forth a meritorious defense — or any defense — to the complaint; (5) that although the stepfather initially had appeared at the hearing, he did not reappear after being excused to check the courtroom for his attorney; and (6) that his attorney had been given notice of the hearing. On November 24, 1999, the stepfather moved to set aside the default judgment; his motion was denied by operation of law, pursuant to Rule 59.1, Ala.R.Civ.P. The compensatory-damages award was *Page 1149 
based on an affidavit from the stepdaughter concerning the physical and emotional abuse she claimed her stepfather had caused her. The stepfather appealed.
On December 1, 2000, this court issued an opinion upholding the default judgment to the extent it held the stepfather liable, but it remanded the case for a hearing to determine whether the compensatory-damages award was excessive. We noted that the stepdaughter's affidavit concerning mental anguish and emotional distress was not included in the record.
The trial court made its return to this court on February 2, 2001. That return indicates that the trial court held a hearing and subsequently entered an order in which it stated that the compensatory-damages award was not excessive. The trial court also stated that the stepdaughter's affidavit supporting her claim for damages had been inadvertently omitted from the record, and it included that affidavit with its order.
Based on the affidavit, we conclude that the compensatory-damages award was not excessive. The stepfather had sexually molested his stepdaughter on numerous occasions over a period of two years, while he was married to her mother. When the abuse began, the stepdaughter was 11 years old. She stated that she had lived in fear of sexual attacks by the stepfather and that those attacks were often physically painful and resulted in various injuries. She stated, "I became physically ill and nauseated because of the dread, fear and knowledge that he would keep doing these things again and again, and I couldn't make him stop." The stepdaughter said she now suffers from nightmares. She stated:
 "I usually stay [awake] for the rest of the night, until the sun comes up, after a nightmare. In the daylight, I can try to pretend that I am normal. Sometimes it works — most of the time it doesn't. I know that because of the abuse, I am damaged goods. Even just hugging someone can trigger a flashback to the rape. It is an awful way to live."
The supreme court has stated:
 "`We recognize that mental anguish and emotional distress are not items for which a precise amount of damages can be assessed; thus, in considering whether a jury verdict for compensatory damages is excessive, we must view the evidence from the plaintiff's perspective and determine what the evidence supports in terms of the plaintiff's suffering.'"
Wal-Mart Stores, Inc. v. Goodman, 789 So.2d 166, 178 (Ala. 2000), quoting Foster v. Life Ins. Co. of Georgia, 656 So.2d 333, 337
(Ala. 1994).
The trauma and psychological harm the stepdaughter suffered is clear. The stepfather's egregious acts, considered in light of the stepdaughter's young age, well support the $500,000 compensatory-damages award. Cf. Goodman, supra ($200,000 compensatory-damages award for mental anguish upheld in malicious-prosecution case).
The stepdaughter's request for an attorney fee on appeal is denied.
AFFIRMED.
Yates, P.J., and Crawley, Thompson, Pittman, and Murdock, JJ., concur. *Page 1150